# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| LASKER M. AHMED,<br><br>Appellant,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON,<br><br>Appellee. | Civil Action No. TDC-18-2689 |

## MEMORANDUM ORDER

Appellant Lasker M. Ahmed appeals an August 15, 2018 Order of the United States Bankruptcy Court for the District of Maryland denying his Motion to Reconsider Annulment of the Automatic Stay and Co-Debtor Stay. For the reasons set forth below, the Order of the bankruptcy court is AFFIRMED.

On March 7, 2018, Ahmed filed a Chapter 13 bankruptcy petition. *In re Ahmed*, No. 18-12957 (Bankr. Md. 2018). On June 14, 2018, Appellee the Bank of New York Mellon ("BONY") filed a Motion Seeking Annulment of the Automatic Stay. In that motion, BONY asserted that it was a secured creditor of Ahmed and Ahmed's wife through a 2005 mortgage note on property located at 23313 Robin Song Drive in Clarksburg, Maryland ("the Property"); that the Ahmeds had defaulted on the mortgage loan; that BONY had foreclosed on the Property; and that on April 12, 2017, the Property had been sold at a foreclosure sale. That foreclosure sale was ratified by the Circuit Court for Montgomery County, Maryland on September 27, 2017. Despite the ratification, BONY argued, because Ahmed had previously declared bankruptcy in 2017, and because of the automatic stay imposed as a result of the current proceedings, BONY had been

unable to close on the foreclosure sale. BONY further asserted that because foreclosure had occurred prior to Ahmed's filing of his current bankruptcy petition, the Property should be exempted from the automatic stay provision of 11 U.S.C. § 362. *See* 11 U.S.C. §362(a)(3) (automatically staying "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate").

Ahmed opposed the motion, asserting that the Property, as his residence, was necessary for a proper Chapter 13 reorganization; that BONY lacked the necessary license under the Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann. Bus. Reg. §§ 7-101–7-502 (West 2002), to foreclose; and that the underlying mortgage loan was unenforceable under Maryland law. In a July 20, 2018 Order memorializing a July 16, 2018 oral ruling, the bankruptcy court granted BONY's motion and lifted the automatic stay as to BONY and the Property.

On July 31, 2018, Ahmed filed a Motion to Reconsider in which he asked the bankruptcy court to reconsider its decision to lift the automatic stay as to the Property and provided more specifics on his original grounds of opposition to BONY's motion. Specifically, Ahmed asserted that the deed to the Property was assigned to BONY in 2012, and that at that time, BONY was not licensed to do business as a debt collector in Maryland. As a consequence, Ahmed argued, BONY did not have standing to initiate foreclosure proceedings in Maryland, citing *Blackstone v. Sharma*, 161 A.3d 718, 727 (Md. Ct. Spec. App. 2017), which held that under the MCALA, a debt purchaser seeking to collect a consumer debt by bringing a foreclosure action through its agents must have a debt collection license.

In an August 15, 2018 Order, the bankruptcy court denied the Motion to Reconsider. It first noted that *Blackstone* had been reversed by the Maryland Court of Appeals in *Blackstone v. Sharma*, 191 A.3d 1188, 1223 (Md. 2018), which held that the MCALA does not require foreign

mortgage loan trusts to have Maryland debt collector licenses in order to file foreclosure proceedings in Maryland courts. More broadly, the bankruptcy court concluded that Ahmed's arguments amounted to requests that the bankruptcy court set aside the foreclosure sale, which were issues that had to be pursued in the foreclosure action, not through a collateral attack in the bankruptcy court. In any event, the bankruptcy court noted that the foreclosure sale of the Property had been ratified by the state court and that the date for filing exceptions to the sale had expired.

As to the relevance of the foreclosure to the bankruptcy action, the bankruptcy court concluded that because the foreclosure sale had occurred and been ratified before Ahmed declared bankruptcy, Ahmed had lost the right to redeem the Property or to reinstate the mortgage loan, and that the Property therefore was not part of the bankruptcy estate. In reaching this conclusion, the bankruptcy court relied on *In re Denny*, 242 B.R. 593 (Bankr. Md. 1999), in which the court held that, under Maryland law, the debtor lost equitable title to foreclosed property "when the gavel fell," and thus, even prior to ratification of the foreclosure proceedings in state court, the debtor had no right post-sale to cure mortgage arrearages in bankruptcy. *Id.* at 595, 598. Here, the bankruptcy court found that the facts went well beyond those in *Denny* because the sale had both occurred and been ratified in the state court. Thus, the bankruptcy court held, at the time he declared bankruptcy, Ahmed "no longer held any interest in the [P]roperty, other than perhaps a bare possessory interest that could not be rehabilitated through a bankruptcy plan." Order at 2, ECF No. 1-1.

In appealing the Order denying his Motion for Reconsideration, Ahmed asserts a single, entirely new argument. Specifically, Ahmed asserts that because he defaulted on the mortgage loan in 2011, but BONY did not initiate foreclosure proceedings until 2015, the foreclosure was invalid because it was initiated outside Maryland's general three-year statute of limitations.

3

The Court has jurisdiction over the Appeal because the bankruptcy court's order resolving Ahmed's Motion for Reconsideration is a final order. 28 U.S.C. § 158(a)(I) (2012); *see Gold v. Guberman (In re Computer Learning Ctrs., Inc.)*, 407 F.3d 656, 660 (4th Cir. 2005) (stating that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case") (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)). A district court reviews the bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error. *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir. 1992). The district court reverses a bankruptcy court order only when it "has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (quoting *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 506 (4th Cir. 1977)); *Yankah v. Yankah (In re Yankah)*, 514 B.R. 159, 164 (E.D. Va. 2014).

Here, the Court finds no error of law or fact in the bankruptcy court's conclusion that the Maryland Court of Special Appeals' opinion in *Blackstone v. Sharma*, 161 A.3d 718 (Md. Ct. Spec. App. 2017) was reversed by the Maryland Court of Appeals in *Blackstone v. Sharma*, 191 A.3d 1188 (Md. 2018). Nor does the Court identify any error of law or fact in the bankruptcy court's conclusion that *In re Denny* provides persuasive authority warranting denial of Ahmed's motion.

As for Ahmed's newly minted statute of limitations argument, because the facts and legal theory underlying that argument were available to Ahmed during the bankruptcy proceedings but he failed to raise the issue before the bankruptcy court, the argument cannot be considered by this Court in the first instance. *Williams v. Prof'l Transp. Inc.*, 294 F.3d 607, 614 (4th Cir. 2002) ("Issues raised for the first time on appeal are generally not considered absent exceptional

circumstances."). Regardless, the argument fails, as Maryland does not apply a statute of limitations to foreclosure actions. *See Cunningham v. Davidoff*, 53 A.2d 777, 781 (Md. 1947) (applying a rebuttable presumption of payment after 20 years, but no statute of limitations, in mortgage foreclosures); *see also Gibbs v. Nadel*, No. 72 Sept. Term 2018, 2019 WL 1451314, at *1 (Md. Ct. Spec. App. Apr. 1, 2019) (citing *Cunningham* for the rule that "there is no Statute of Limitations in Maryland applicable to the foreclosure of mortgages").

Accordingly, it is hereby ORDERED that the bankruptcy court's Order Denying the Motion to Reconsider is AFFIRMED. This appeal is DISMISSED.

Date: May 31, 2019

THEODORE D. CHUANG
United States District Judge